UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

ENRIQUE COLLADO, and others similarly-situated,

      Plaintiff,

v.

J. & G. TRANSPORT, INC., a Florida corporation, JAVIER GUZMAN individually, and IVIS GUZMAN individually

      Defendants.
_____/

## FLSA COMPLAINT

COMES NOW, Plaintiff, ENRIQUE COLLADO, by and through his undersigned attorney, and hereby sues Defendants, J. & G. TRANSPORT, INC, JAVIER GUZMAN, individually, and IVIS GUZMAN, individually (collectively referred to as "the Employer"), and alleges:

### JURISDICTION AND PARTIES

1.    This is an action to recover money damages for unpaid overtime wages under the laws of the United States, and the State of Florida. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA).

2.    Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

- 1 -

3. The Defendant J. & G. TRANSPORT, INC, a Florida with its principal place of business in Palm Beach County. Upon information and belief, the Defendant Corporations were the FLSA employer for the Plaintiff's employment ("the relevant time period").

4. The individual Defendant JAVIER GUZMAN is a corporate officer of the Defendant Corporations who runs the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for determining Plaintiff's work schedule and paying Plaintiff's wages during Plaintiff's period of employment with Defendants.

5. The individual Defendant IVIS GUZMAN is a corporate officer of the Defendant Corporations who runs the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for determining Plaintiff's work schedule and paying Plaintiff's wages during Plaintiff's period of employment with Defendants.

6. This action is brought by Plaintiff to recover from the Employer unpaid overtime and as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207, and Fla. Stat. §448.110.

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and

otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

8. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff was within interstate commerce.

9. The individual Defendants, are "employers" as defined in 29 U.S.C. § 203 (d), as they had operational control over the Defendant corporation, are directly involved in decisions relating to employee compensation, hours worked by employees, and controlled the purse strings for the corporation.

## COUNT I
## UNPAID OVERTIME

10. Plaintiff re-alleges and re-avers paragraphs 1 through 6 as fully set forth herein.

11. Defendants employed Plaintiff from approximately July 1, 2013 through January 15, 2014. He was paid an average hourly rate of $4.70 per hour during his employment. Plaintiff worked approximately 85 hours per week but was not paid overtime for hours worked in excess of forty (40) hours per week, as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation. Plaintiff estimates his overtime damages as follows:[1]

---

[1] Plaintiff's damages are calculated as a matter of inference. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946). Plaintiff reserves the right to modify his calculations after discovery is taken and payroll information is received from Defendant. Plaintiff will not be able to accurately calculate his hours week by week until such

**July 1, 2013 through January 15, 2014, when Federal minimum wage was $7.25**

28 weeks x 45 (Overtime Hours) x $3.625 (Half time of hourly rate of $7.25) = $4,567.50 plus any other damages allowed by law

Total Unpaid Overtime Wages Owed: $4,567.50 x 2 (liquidated damages) = **$9,135.00**

12. The similarly-situated current and former employees are all those other employees who worked for Defendants and performed the same or similar duties as that of Plaintiff.

13. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay him the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

14. Defendants intentionally failed to pay Plaintiff his overtime wages as Defendants had knowledge of Plaintiff's schedule and the overtime hours that Plaintiff worked and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act.

15. Defendants remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

16. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated requests compensatory and liquidated damages and reasonable attorney's fees from both Defendants, jointly and severally,

---

time as when he reviews Defendant's payroll records and discovery is taken.

pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff and those similarly-situated employees entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff and those similarly-situated do not recover liquidated damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances

## COUNT II
## RECOVERY OF MINIMUM WAGE VIOLATIONS

17. Plaintiff realleges and reaver paragraphs 1 through 16 as fully set forth herein.

18. When Plaintiff was employed with Defendants he was not paid minimum wage. The failure to pay Plaintiff the minimum wage resulted in an FLSA minimum wage violation, as a the Employer refused to pay then the required minimum wage.

19. Plaintiff estimates, "as a matter of inference," that he earned an average of $4.70 an hour and worked an average of 85 hours per week from July 1, 2013 through January 15, 2014.  Plaintiff estimates his minimum wage damages as follows:[2]

**July 1, 2013 through January 15, 2014, when Federal minimum wage was $7.25**
85 hours x $3.05 ($7.25 minimum wage - $4.70) = $259.25 x 28 weeks = $7,259.00, plus any other damages allowed by law.

Total minimum wage owed: $7,259.00 X  2 (liquidated) = **$14,518.00**

---

[2] An employee may estimate hours worked, "as a matter of inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946).  Plaintiff reserves the right to amend her estimated hours and calculations once she receives Defendants' time and payroll records.

20. Defendants willfully and intentionally failed to pay Plaintiff the statutory minimum wage as required by the Florida minimum wage law as set forth above and remain owing her back wages.

21. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiff in the amount of the unpaid minimum wage compensation.

22. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

23. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

24. Plaintiff has complied with all conditions precedent to filing this action.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees from both Defendants, jointly and severally, pursuant to F.S. 448.01, F.S. § 448.110 and FL CONST Art. 10 § 24, as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's employment period with Defendants, or as much as allowed by the F.S. § 448.01, F.S. § 448.110 and FL CONST Art. 10 § 24, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendants from committing any future FLSA violations. In the event that Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

### **JURY DEMAND**

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury

Dated: April 6, 2014

    Respectfully Submitted,

    **LAW OFFICES OF CHRISTOPHER F. ZACARIAS, P.A.**
    *Counsel for Plaintiff*
    5757 Blue Lagoon Dr, Suite 230
    Miami, Florida 33126
    Telephone: 305-403-2000
    Facsimile: 305-459-3964
    E-Mail: czacarias@zacariaslaw.com

    */s/ Christopher F. Zacarias*
    CHRISTOPHER F. ZACARIAS
    Florida Bar No.: 85609