UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-80467-CIV-GOODMAN

[CONSENT CASE]

ENRIQUE COLLADO, et al.,

      Plaintiffs,

v.

J. & G. TRANSPORT, INC. et al.,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND FACILITATION OF COURT-AUTHORIZED NOTICE

This cause is before the Court on Plaintiffs' Motion for Conditional Certification and Facilitation of Court-authorized Notice (the "Motion"). [ECF No. 38]. The Court has reviewed the Motion as well as Defendants' Notice of Non-Opposition to the Motion. [ECF No. 43].[1] For the reasons outlined below the Motion is **DENIED WITHOUT PREJUDICE.**

---

[1]     Defendants failed to timely oppose the Motion. On August 20, 2014, the Undersigned entered an order compelling Defendants to file a response to the Motion and noting that pursuant to Local Rule 7.1(c), a failure to oppose a motion is sufficient grounds for granting the motion by default. [ECF No. 42]. Thereafter, Defendants filed their Notice of Non-Opposition to the Motion.  [ECF No.  43].

29 U.S.C § 216(b) of the Fair Labor Standards Act ("FLSA") authorizes one or more employees to bring a collective action against their employer for unpaid minimum wages or unpaid overtime "for and in behalf of himself or themselves and other employees similarly situated." Unlike a Rule 23 class action, in which each person falling within a certified class is bound by the judgment unless he or she opts out, each putative plaintiff must affirmatively opt into an FLSA class action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). The Eleventh Circuit suggests that district courts use a two-tiered approach to decide whether a putative class is composed of "similarly situated" employees. *Id*. at 1218-19.

The first step, and the one that is the subject of this Motion, is the so-called "notice" or "conditional certification" stage. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61 (11th Cir. 2008). At this stage, a district court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Morgan*, 551 F.3d at 1260.

To satisfy the reasonable basis test, a plaintiff must have "more than 'only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs'" exist. *Morgan*, 551 F.3d at 1261 (quoting *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)). A plaintiff "may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (internal citation and quotation omitted); *see also Morgan*, 551 F.3d at 1261 (describing this burden as "not particularly stringent," "fairly lenient," "flexible," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b).") (internal citations and quotations omitted). A plaintiff does not need to show that his position is "identical" to the position held by any other putative class member, only that their positions are similar. *Grayson*, 79 F.3d at 1096. The requirements for conditional certification under § 216(b) "are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 1096 n.12.

The Eleventh Circuit has stated that a "district court's broad discretion at the notice stage [when deciding whether to conditionally certify a class] is thus constrained, to some extent, by the leniency of the standard for the exercise of that discretion." *Morgan*, 551 F.3d at 1261. Where, as here, a court has "minimal evidence" from the

parties and discovery has not been completed, the typical result is that the motion is granted. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (quoting *Hipp*, 252 F.3d at 1216); *see also Holt v. Rite Aid Corp*, 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004) (more "carefully consider[ing] the submissions of the parties with respect to the collective action allegations" at the first stage because "the parties have conducted extensive discovery").

In its Motion, Plaintiffs seek conditional certification of a class defined as follows:

All drivers who were employed by the Defendants from April 6, 2011 through April 6, 2014, who were not paid a minimum wage; and/or who were not paid proper overtime compensation.

[ECF No. 38, p. 3]. While minimum wage is referenced in the Amended Complaint in this action [ECF No. 36, pp. 8-9], it is *not* referenced in either of the affidavits included in support of the Motion to conditionally certify the above-referenced class [ECF Nos. 38-1; 38-2].   Instead, the affidavits reference only Defendants' failure to pay proper overtime compensation.   [*Id.*].   While the standard at this stage is lenient, and only "minimal evidence" is required to support conditional certification, there is, essentially, **no evidence** supporting conditional certification of a class that includes those not paid a minimum wage.

For this reason, even though the Motion is unopposed, the Motion is **DENIED WITHOUT PREJUDICE**.  Plaintiffs may re-file the Motion, however, considering that

the time to file a motion for class certification as referenced in the Scheduling Order has

expired, Plaintiffs must file their amended Motion (to either supplement the evidence,

modify the proposed class, or explain why neither is necessary) no later than September

23, 2014.[2]  In addition, while Defendants did not originally oppose the Motion, they will

have until September 26, 2014 to oppose the amended Motion, should they choose, or to

file a notice of non-opposition, as they did previously.

     **DONE and ORDERED**, in Chambers, in Miami, Florida this 16th day of

September 2014.

 

 

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

 

<u>Copies furnished to:</u>

All counsel of record

---

[2]    The Undersigned also notes that while the Motion limits the temporal scope of
the proposed class to the time period beginning April 6, 2011 and ending April 6, 2014,
the Proposed Initial Notice [ECF No. 38-4] and Proposed Follow-up Notice [ECF No. 38-
5] state that eligibility for the class reaches past April 6, 2014 to the "present."  Plaintiffs
need to correct this inconsistency or explain why it is unnecessary to do so.