**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 14-80467-CIV-GOODMAN**

**[CONSENT CASE]**

ENRIQUE COLLADO, et al.,

      Plaintiffs,

v.

J. & G. TRANSPORT, INC. et al.,

      Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR CONDITIONAL**
**CERTIFICATION AND FACILITATION OF COURT-AUTHORIZED NOTICE**

This cause is before the Court on Plaintiffs' Amended Motion for Conditional

Certification and Facilitation of Court-authorized Notice (the "Motion"). [ECF No. 46].

The Court has reviewed the Motion as well as Defendants' Opposition to the Motion

[ECF No. 47], and Plaintiffs' reply in support of the Motion [ECF No. 49]. For the

reasons outlined below the Motion is **GRANTED.**

I.     <u>Background</u>

On June 21, 2014, Plaintiff Enrique Collado ("Collado") filed his Amended Complaint alleging that Defendant J & G Transport Inc. ("J & G Transport") failed to pay him and other similarly situated employees a minimum wage and/or the overtime rate for hours worked over forty hours a week, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). [ECF No. 36]. According to the Amended Complaint, J & G Transport is a Florida corporation that transports, *inter alia*, garbage, debris, mulch, sugar, sugar cane, and molasses exclusively within the State of Florida. [ECF No. 36, ¶ 10]. J & G Transport employed Collado from 2013 to 2014 as a truck driver hauling garbage, debris, or mulch. [ECF No. 38-1, ¶ 2]. Since the filing of the original Complaint, another former truck driver, Juan Giron ("Giron"), joined the action as a named Plaintiff. [ECF No. 17].

Plaintiffs allege that J & G Transport intentionally misclassifies all of its truck drivers as "independent contractors." [ECF No. 36, ¶ 17.] Plaintiffs further allege that all similarly situated truck drivers routinely work more than forty hours per week and are not paid overtime or a minimum wage. [ECF No. 36, ¶ 18]. On September 18, 2014, Plaintiffs amended their statement of claim in this case to reflect that Plaintiff Giron does not have an unpaid minimum wage claim. [ECF No. 45].

Plaintiffs seek conditional certification of the following class: "All drivers which were employed by the Defendants from April 6, 2011 through April 6, 2014, who were not paid a minimum wage; and/or who were not paid proper overtime compensation." [ECF No. 38, p. 3].

In support of the Motion, Plaintiffs offered two affidavits, one from Plaintiff Collado and another from Plaintiff Giron. [ECF Nos. 46-1; ECF No. 46-2]. Collado's affidavit indicates that he knows of three additional truck drivers that he believes would opt-in if they were given formal notice of this case. [ECF No. 46-1, ¶ 9]. Giron's affidavit indicates that he knows of five additional truck drivers that he believes would opt-in if they were given formal notice of this case. [ECF No. 46-2, ¶ 8].

Both Collado and Giron state in their affidavits that they worked for J & G Transport as truck drivers hauling either garbage, debris, mulch, molasses, and/or sugar within the State of Florida during the years of 2013 and/or 2014. [ECF Nos. 46-1, ¶ 2; 46-2, ¶ 2]. They also state that they did not receive overtime compensation for hours worked in excess of forty hours per week. [ECF Nos. 46-1, ¶ 3; 46-2, ¶ 3]. Collado and Giron also state that the other truck drivers were not paid overtime. [ECF Nos. 46-1, ¶ 4; 46-2, ¶ 4]. Further, Collado and Giron state that J & G Transport implemented a uniform policy of not paying overtime to its truck drivers. [ECF Nos. 46-1, ¶ 6; 46-2, ¶ 6].

In addition to submitting the affidavits, Plaintiff provided a redacted spreadsheet, which was produced by Defendants, that indicates that between August 2013 and January 2014, Defendant J & G Transport had approximately one hundred and thirty eight (138) truck drivers.  [ECF No. 38-3].

Defendants failed to timely oppose the Motion for Conditional Class Certification when it was first filed on July 3, 2014. On August 20, 2014, the Undersigned entered an order compelling Defendants to file a response to the Motion and noting that, pursuant to Local Rule 7.1(c), a failure to oppose a motion is sufficient grounds for granting the motion by default. [ECF No. 42.] Thereafter, Defendants filed their Notice of Non-Opposition to the Motion. [ECF No. 43.]. Despite this non-opposition, the Undersigned denied without prejudice the original motion for conditional certification, because it lacked certain supporting evidence regarding the claim for unpaid minimum wages. [ECF No. 44]. Thereafter, Plaintiffs filed their Amended Motion for Conditional Certification. [ECF No. 46]. This time, Defendants did oppose. [ECF No. 47]. Plaintiffs then filed a reply in support of their Amended Motion. [ECF No. 49].

## II.   <u>Conditional Collective Action Certification Standards</u>

29 U.S.C § 216(b) of the Fair Labor Standards Act ("FLSA") authorizes one or more employees to bring a collective action against their employer for unpaid minimum

wages or unpaid overtime "for and in behalf of himself or themselves and other employees similarly situated." Unlike a Rule 23 class action, in which each person falling within a certified class is bound by the judgment unless he or she opts out, each putative plaintiff must affirmatively opt into an FLSA class action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). The Eleventh Circuit suggests that district courts use a two-tiered approach to decide whether a putative class is composed of "similarly situated" employees. *Id*. at 1218-19.

The first step, and the one that is the subject of this Motion, is the so-called "notice" or "conditional certification" stage. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61 (11th Cir. 2008). At this stage, a district court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Morgan*, 551 F.3d at 1260.

To satisfy the reasonable basis test, a plaintiff must have "more than 'only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs'" exist. *Morgan*, 551 F.3d at 1261 (quoting *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)). A plaintiff "may meet this burden, which is not heavy, by

5

making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (internal citation and quotation omitted); *see also Morgan*, 551 F.3d at 1261 (describing this burden as "not particularly stringent," "fairly lenient," "flexible," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b).") (internal citations and quotations omitted). A plaintiff does not need to show that his position is "identical" to the position held by any other putative class member, only that their positions are similar. *Grayson*, 79 F.3d at 1096. The requirements for conditional certification under § 216(b) "are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 1096 n.12.

The Eleventh Circuit has stated that a "district court's broad discretion at the notice stage [when deciding whether to conditionally certify a class] is thus constrained, to some extent, by the leniency of the standard for the exercise of that discretion." *Morgan*, 551 F.3d at 1261. Where, as here, a court has "minimal evidence" from the parties and discovery has not been completed, the typical result is that the motion is granted. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (quoting *Hipp*, 252 F.3d at 1216); *see also Holt v. Rite Aid Corp*, 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004) (more "carefully consider[ing] the submissions of the parties with

respect to the collective action allegations" at the first stage because "the parties have conducted extensive discovery").

### a.  Other Opt-in Plaintiffs

With respect to the first factor, Plaintiffs' burden to show the existence of other potential opt-ins is not onerous. Courts in this district have held that the existence of merely one other co-worker who desires to join in is sufficient to "rais[e] the Plaintiff's contention beyond one of pure speculation." *Guerra v. Big Johnson Concrete Plumbing, Inc.*, No. 05-14237-C1V, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (conditional certification of FLSA collective granted based upon two affidavits -- that of the single named plaintiff and one opt-in plaintiff).

Defendants' two-page opposition to the Motion argues that in the six months since this case was first filed, Plaintiffs have failed to make a showing that anyone else wishes to join this action. [ECF No. 47, p. 1]. Defendants go on to argue that this Court should deny the Motion because the "conclusory and unsupported" allegations of the two Plaintiffs are not enough to even conditionally certify a broader class. [*Id.* at 2]. Defendants' cite *Manzi v. Hartman & Tyner, Inc.*, 11-60426-CIV, 2011 WL 2672343 (S.D. Fla. July 8, 2011) in support of their argument. In that case, conditional certification was denied, in part, because "neither Plaintiff nor his affiants have suggested that there are any additional employees, other than themselves, who desire to opt-in." *Id.* at 3.

7

However, as described below, that is not the case here.

Here, the Undersigned finds that Plaintiffs have shown a reasonable basis to believe that there are other employees who desire to opt-in. As referenced above, in support of the Motion, each of the Plaintiffs has filed an affidavit. The original, named plaintiff, Enrique Collado states in his affidavit that he "know[s] of at least three former truck drivers that [he] believe[s] would opt-in if given an opportunity to do so." [ECF No. 46-1, p. 1, ¶ 9]. Juan Giron, an allegedly similarly situated employee, has already filed his consent indicating that he desires to join this case as a plaintiff should the class be certified. [ECF No. 17]. In addition, Giron states in his affidavit that he "know[s] of at least five truck drivers (some current and some former) that [he] believe[s] would opt-in if given an opportunity to do so." [ECF No. 46-2, p. 1, ¶ 8]. Finally, in the deposition of Javier Guzman, Defendant J & G Transport's corporate representative, Mr. Guzman makes it clear that all of J & G Transport's drivers share a status similar in many respects to that of Plaintiffs Collado and Giron, that is, that they are independent contractors who lease the vehicles they drive. [ECF No. 46-6, pp. 92-93].

The Court finds, for purposes of a conditional certification analysis, that a reasonable basis exists to believe there are other employees who desire to opt-in. *See Wynder v. Applied Card Sys., Inc.*, No. 09-80004, 2009 WL 3255585 (S.D. Fla. Oct. 7, 2009) (conditional certification of an FLSA collective action granted based upon two affidavits

8

-- that of the single named plaintiff and one opt-in plaintiff); *Gayle v. Jefferson Cnty.*, No. 09-437-E-BLW, 2010 WL 1418395, *3 (D. Id. Apr. 6, 2010) (certifying collective action based on one plaintiff and one additional affidavit); *Barreda v. Prospect Airport Servs., Inc.*, No. 08-C-3239, 2008 WL 7431307, *2 (N.D. Ill. Nov. 26, 2008)(certifying companywide collective action based on affidavits from only one location); *Ballaris v. Wacker Silttronic Corp.*, No. 00-1627-KI, 2001 WL 1335809, at *2 (D. Or. Aug. 24, 2001) (allegations in complaint and two affidavits sufficient); and *Sanders v. MPRI, Inc.*, No. Civ-08-345-R, 2008 WL 5572846 (W.D. Okla. Oct. 16, 2008) (pleadings and Plaintiff's affidavit sufficient).

    **b.  <u>Similarly Situated Employees</u>**

    The FLSA provides that actions may be brought under the statute "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, the FLSA does not define how "similarly situated" employees need to be to bring a collective action under § 216(b), and the Eleventh Circuit has not adopted a precise definition of the phrase. *Morgan*, 551 F.3d at 1259. Nevertheless, case law suggests that district courts look to whether the other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions" -- although those two factors by themselves are not dispositive. *Id*. at 1259 (quoting *Dybach*, 942 F.2d at 1567-68); *see also Anderson*, 488 F.3d

at 953 (quoting *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002)). In evaluating these considerations, the Eleventh Circuit has emphasized that courts must analyze whether employees are *similarly* situated and "not whether their positions are identical." *Morgan*, 551 F.3d at 1260 (citing *Grayson*, 79 F.3d at 1096).

The Undersigned finds that Plaintiffs have met the burden at this preliminary stage and demonstrated a reasonable basis to believe that there is a similarly situated class of employees, including those who would likely opt into this lawsuit, of all drivers of J & G Transport who were not paid overtime compensation between April 6, 2011 and April 6, 2014.[1] Plaintiffs' evidence -- their affidavits as well as the deposition of Defendant J & G Transport's corporate representative -- support their argument that each worked as a truck driver for J & G Transport within the State of Florida, that each was never paid overtime for hours worked in excess of forty hours per week, that J & G Transport has implemented a uniform policy of not paying overtime compensation to its drivers, and that J&G Transport treats every driver the same in this respect.[2]

---

[1]     Defendants have several affirmative defenses in this case, including that the Plaintiff drivers are exempt from the FLSA because they are independent contractors who never established an employer-employee relationship with Defendants. [ECF No. 40, p. 4]. This Order -- granting conditional certification -- has no bearing on the efficacy of any allegations, claims or defenses in the Amended Complaint or the Answer.

[2]     As noted in the Undersigned's prior Order [ECF No. 44], Collado and Giron's affidavits do not reference unpaid minimum wages, but the Amended Complaint does.

Accordingly, based on the totality of the circumstances, the Undersigned finds that Plaintiffs have met the low burden required to show the existence of other similarly situated employees who would join a collective action.[3] After the close of discovery, Defendants may, if they choose, move for decertification and ask this Court to conduct the stage-two certification analysis, consistent with the case law outlined above.

## III.   Production of List of Putative Class Members

Plaintiffs request that the Court order Defendants to provide a list of each putative class member's name, address, telephone number, fax number, e-mail address, and date of birth, in the form of a Microsoft Excel spreadsheet, in order to effectuate the notice process. [ECF No. 46, p. 12.] This request is **granted** for the following reasons:

First, the request is reasonable because: (1) this information would be available through a formal request for production or interrogatory, (2) the statute of limitations continues to run for potential opt-in plaintiffs, and (3) because without this information Plaintiff will be unable to effectuate any order granting conditional certification.  In addition, this request is consistent with how other courts have treated similar circumstances. *See, e.g., Morden v. T-Mobile USA, Inc.,* No. C05-2112 RSM, 2006 WL

---

[ECF No. 36, pp. 8-9]. In the Amended Motion, Plaintiffs have requested certification only for a class of individuals not paid overtime. [ECF No. 46, p. 4.]

[3]      The deposition of Javier Guzman shows that at the time of the deposition, J & G Transport worked with approximately 80 independent contractor drivers, none of whom earned overtime pay. [ECF Nos. 46-6, pp. 11, 103].

17279987, at *3 (W.D. Wash. June 22, 2006) (granting motion to compel all names of those in putative class before conditional certification because the names are necessary to allow plaintiffs to properly define class). Accordingly, Defendants shall **within fourteen (14) days** provide to Plaintiffs each putative class member's name, address, telephone number, fax number, e-mail address, and date of birth.

## IV.   <u>Language and Content of Proposed Notice</u>

Plaintiffs attached a proposed Notice of Lawsuit to the Motion [ECF No. 46-4] and Plaintiffs requested to be allowed to notify all putative class members by mail or e-mail, and that the notice be posted at each of Defendants' locations at which putative class members are employed. The Undersigned has reviewed the notice and finds that it adequately and clearly informs all putative class members not only of their right to join this lawsuit and the consequences of that decision, but also of their right not to join this lawsuit and the consequences of that decision.

Plaintiffs request that copies of the Proposed Notice be provided in both English and Spanish. Other courts in similar circumstances have permitted this initial notice to be in both English and Spanish.  *See, e.g. Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114 (E.D.N.Y. Mar. 28, 2011) (granting FLSA plaintiffs' request that initial notice be posted and mailed in both English and Spanish); *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465 (E.D.N.C. Nov. 10, 2010) (permitting notice to putative FLSA class in

both English and Spanish). Accordingly, Plaintiffs may provide bilingual Notice-and-Consent Forms in English and Spanish.

Plaintiffs request that the notice and consent(s) to join be e-mailed and posted in a conspicuous location in each of Defendants' business offices where putative class members are expected to frequent. This request is consistent with how courts have handled other, similar situations. *See Castillo v. P & R Enters., Inc.*, 517 F. Supp. 2d 440, 449 (D.D.C. 2007) (ordering notices to be posted in Defendant's offices); *Alequin v. Darden Rests., Inc.*, No. 12-61742-CIV, 2013 WL 3945919 (S.D. Fla. July 31, 2013) (noting that the Southern District of Florida commonly approves e-mail notice to potential opt-in class members in FLSA cases). Accordingly, the request is granted.

Plaintiffs further request to be permitted to transmit a reminder notice postcard to the putative class by the fourteenth (14th) day prior to the close of the Court-approved notice period. This request will ensure that putative class members are aware of their rights and the time within which to exercise those rights. *See Hargrove v. Ryla Teleservices, Inc.*, No. 2:11cv344, 2012 WL 463442, at *1 (E.D. Va. Feb. 13, 2012) (authorizing plaintiffs' counsel to send a reminder letter to putative class members if responses were not received by plaintiffs within thirty days from the issuance of the original notice); *Swarthout v. Ryla Teleservices, Inc.*, No, 4:11-CV-21 RM, 2011 WL 6152347, at *5 (N.D. Ind. Dec. 12, 2011) (same).

**V.** __Conclusion__

For the reasons outlines above, it is hereby **ORDERED** that:

1.      Plaintiffs' Amended Motion for Conditional Certification and Facilitation of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) is **GRANTED**;

2.      The Conditional Class is defined as follows:

**All drivers which were employed by J & G Transport, Inc. from April 6, 2011 through April 6, 2014, who worked over forty hours per week and were not paid proper overtime compensation.**

3.      Defendants are to provide Plaintiffs, in Excel format,  with a list of names, addresses, telephone numbers, fax numbers, e-mail addresses and dates of birth of all putative class members within fourteen (14) days of this Order;

4.      The notice of collective action, follow up notice, and opt-in consent form, all as attached to Plaintiffs' Motion [ECF Nos. 46-4; 46-5], are **approved**.

5.      The Court **authorizes** Plaintiffs to effectuate notice (both in English and Spanish) by mailing the proposed notice as amended in this Order via the United States Postal Service, first class mail, and e-mail to all putative class members, and the Court **orders** Defendants to post a copy of the notice (both English and Spanish versions) as approved in this Order, along with the Consent to Become Party Plaintiff attached to the notice, at each of Defendants' locations at which such potential class members are employed; and

14

6.      Potential opt-in, similarly situated plaintiffs must consent to opt into this litigation no later than **January 5, 2015**[4] **and those notices must be filed with the Court no later than January 13, 2015.**

**DONE and ORDERED**, in Chambers, in Miami, Florida this 23rd day of October 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record

---

[4]      This date should be added, where necessary, to the Notice [ECF No. 46-4], and follow-up Notice [ECF No. 46-5].

15