UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-80467-CIV-GOODMAN

[CONSENT CASE]

ENRIQUE COLLADO, and others
similarly situated,

    Plaintiffs,

v.

J. & G. TRANSPORT, INC. et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY

This cause is before the Court on Defendants' Motion to Dismiss Complaint and Stay Discovery [ECF No. 55] and Plaintiffs' Expedited Motion to Compel Compliance with Court Order Requiring Defendants to Produce List of Putative Class Members [ECF No. 56]. The Court has reviewed each motion as well as the parties' response and reply briefs. For the reasons outlined below, Defendants' Motion to Dismiss is **DENIED.** Plaintiff's Motion to Compel Discovery is **GRANTED** -- Defendants must produce a list of putative class members, as required by the Undersigned's prior order, **no later than December 10, 2014.**

I. **Background**

Plaintiff Enrique Collado ("Collado") filed his Amended Complaint on June 21, 2014, alleging that Defendant J & G Transport Inc. ("J & G Transport") failed to pay him and other similarly situated employees the overtime rate for hours worked over forty hours a week (Count I) and/or a minimum wage (Count II), in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). [ECF No. 36]. According to the Amended Complaint, J & G Transport is a Florida corporation that transports, *inter alia*, garbage, debris, mulch, sugar, sugar cane, and molasses exclusively within the State of Florida. [ECF No. 36, ¶ 10]. J & G Transport employed Collado from 2013 to 2014 as a truck driver hauling garbage, debris, or mulch. [ECF No. 38-1, ¶ 2]. Another former truck driver, Juan Giron ("Giron"), has now joined the action as a named Plaintiff. [ECF No. 17].

Collado and Giron allege that J & G Transport intentionally misclassifies all of its truck drivers as "independent contractors." [ECF No. 36, ¶ 17]. Plaintiffs further allege that all similarly situated truck drivers routinely work more than forty hours per week and are not paid overtime or a minimum wage. [ECF No. 36, ¶ 18]. On September 18, 2014, Plaintiffs amended their joint statement of claim. [ECF No. 45]. According to the Amended Statement of Claim, Collado is owed $4.078.12 in unpaid overtime wages, and $2,805.00 for unpaid minimum wages. [*Id.*]. Giron allegedly is owed $2,966.40 for

unpaid overtime. [*Id.*]. Giron does not have an unpaid minimum wage claim.

The Undersigned issued an order granting a motion for conditional class certification on October 23, 2014. [ECF No. 52]. That Order required, among other things, that Defendants provide Plaintiffs with an Excel spreadsheet detailing certain contact information of putative class members no later than November 7, 2014. Rather than provide that list, Defendants instead filed, on November 6, 2014, the Motion to Dismiss and Stay Discovery at issue here. [ECF No. 55]. The Motion, expressly based on Federal Rule of Civil Procedure 12(b)(1), attaches a letter ("Re: Offer of Judgment") offering to pay each named Plaintiff twice their claimed damages (based on the amended statement of claim), as well as Plaintiffs' costs and attorney's fees, as determined by the Court. [ECF No. 55-1, p. 1].

Two days later, on November 8, 2014, Plaintiffs filed their Expedited Motion to Compel production of the list of putative class members. In that motion, Defendants argue that Defendants could not properly refuse to furnish the list of putative class members simply because they had filed a motion to dismiss and that the motion to dismiss lacked merit.

The Undersigned ordered the parties to provide additional briefing by November 26, 2014. That briefing has now been submitted and the matter is ripe for review.

II. **The Motion to Dismiss is Denied.**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Such motions are grounded in the idea that "[a]rticle III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). If the issues presented in a case are no longer live or the plaintiff lacks a legally cognizable interest in the outcome -- a "personal stake" -- then a case is moot. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1244 (11th Cir. 2003) (internal citation omitted).

a. **The Mootness Standard: Rule 23 Class Actions Versus FLSA Collective Actions.**

The general rule is that settlement of a plaintiff's claims moots an action. *Id.* (citing *Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120 (1985); *Hammond Clock Co. v. Schiff*, 293 U.S. 529, 530 (1934)). Like most rules, there are exceptions. One such exception concerns Rule 23 class action lawsuits. In those cases, a named plaintiff preserves a personal stake in the litigation even where her own claim has been resolved because she has a stake in the claim for class certification. Essentially, Rule 23 provides

a unique procedural tool granting a named plaintiff the right to act as a "private attorney general" to vindicate the rights of a broader class of yet-unnamed plaintiffs.[1]

The Supreme Court has made it clear that **FLSA** collective action suits are different than Rule 23 class actions on this point -- because the FLSA does *not* create standing to sue based solely on the right to vindicate the grievances of a broader class. *Genesis Healthcare Corp. v. Symczyk,* 133 S.Ct. 1523 (2013). Once an FLSA Plaintiff's own claim is resolved, the mere presence of collective action allegations in the complaint will not save the lawsuit from dismissal for mootness. *Id.* at 1529 ("In the absence of any claimant's opting in, [plaintiff's] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in the action.").

This conclusion follows from a close reading of the statute. The FLSA was amended in 1947 in several important respects to stymie the flood of litigation brought by persons other than the low-wage employees it sought to protect. *Cameron-Grant*, 347 F.3d at 1247-48. Specifically, the amendments limited standing for FLSA actions to aggrieved employees and added the so-called "opt-in" provision. That provision

---

[1] Rule 23 class actions contain this unique mechanism so that they can accommodate varying types of interests, including "the protection of the defendant from inconsistent obligations, the protection of the interests of absentees, the provision of a convenient and economical means for disposing of similar lawsuits, and the facilitation of the spreading of litigation costs among numerous litigants with similar claims." *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 338, 402–03 (1980).

provides that "[n]o employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). By adding these amendments, Congress sought to "prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit." *Cameron-Grant*, 347 at 1248 (internal quotations omitted).

In this respect, Rule 23 class actions are markedly different than FLSA collective actions. Rule 23 specifically allows a single, named plaintiff to file and prosecute an action on behalf of unnamed and uninvolved plaintiffs. In contrast, the FLSA prohibits such a scenario by requiring each plaintiff to affirmatively "opt-in" to the collective action lawsuit. The named Plaintiff in an FLSA case has no right to represent other plaintiffs. For this reason, once the claims of a named plaintiff in an FLSA class action lawsuit are settled, the case is moot.

### b. An Unaccepted Offer of Judgment Cannot Moot an FLSA Case.

In the instant case, the issue is whether one can "pick-off" the existing FLSA plaintiffs after the Court has granted a motion for conditional class certification even though the plaintiffs have not accepted a Rule 68 offer of judgment.

Defendants cite heavily to *Genesis Healthcare Corp. v. Symczyk,* a recent Supreme Court case dealing with an FLSA collective action lawsuit. 133 S.Ct. 1523 (2013). According to Defendants, in that case the Supreme Court "found that, regardless of the possibility of conditional class certification, if a plaintiff has been offered full relief of her claim, the plaintiff no longer has a personal stake in the case and, thus, with no other plaintiffs or 'class members', [sic] the case is moot." [ECF No. 59, p. 5]. Defendants' interpretation of *Symczyk* is incorrect.

In *Symczyk*, the Court *assumed* that the defendant's Rule 68 offer mooted the plaintiff's FLSA claim. The Court did not reach the issue of what effect an *offer* of judgment had on a plaintiff's FLSA claim. So, even in the wake of *Symczyk*, "[i]n the context of FLSA cases, therefore, the effect that a defendant's *offer* of judgment has on the viability of plaintiff's claim, and the overall lawsuit, is a question left to caselaw within the individual circuits." *Ritz v. Mike Rory Corp.*, 959 F. Supp. 2d 276, 279 (E.D.N.Y. 2013) (emphasis added).

While Defendants have mischaracterized *Symczyk*, other authority supports the notion that a court *could* dismiss a case for mootness even where a plaintiff refuses to accept a Rule 68 offer of judgment. *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003) (citing *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir. 1997)); *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) ("Such

an offer, by giving the plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a default judgment would have been), eliminates a legal dispute upon which federal jurisdiction can be based . . . . You cannot persist in suing after you've won.") (J. Posner); *Wiskur v. Short Term Loans, LLC,* 94 F. Supp. 2d 937 (N.D. Ill. 2000); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP,* 2003 WL 1915738 (E.D.N.Y. 2003).

However, this is no longer a viable defense strategy in the Eleventh Circuit. This past Monday, on December 1, 2014, the Eleventh Circuit definitively stated that an unaccepted Rule 68 offer of judgment does **not** moot a plaintiff's case. *Stein v. Buccaneers Ltd. P'ship*, No. 13-15417, 2014 WL 6734819, at *3 (11th Cir. Dec. 1, 2014) ("Giving controlling effect to an unaccepted Rule 68 offer—dismissing a case based on an unaccepted offer as was done here—is flatly inconsistent with the rule.").

In so doing, the Eleventh Circuit explicitly quoted and embraced a portion of the dissenting opinion in *Symczyk*, where Justice Kagan, writing for four justices, stated:

> That thrice-asserted view [that the defendant's offer mooted the plaintiff's individual claims] is wrong, wrong, and wrong again. We made clear earlier this Term that "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin,* 568 U.S. ——, ——, 133 S.Ct. 1017, 1023 (2012) (internal quotation marks omitted). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Ibid.* (internal quotation marks omitted). By those measures, an unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer—however good the terms—her interest in

8

> the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer "leaves the matter as if no offer had ever been made." *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill,* 119 U.S. 149, 151 (1886). Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that "[a]n unaccepted offer is considered withdrawn." Fed. Rule Civ. Proc. 68(b). So assuming the case was live before—because the plaintiff had a stake and the court could grant relief—the litigation carries on, unmooted.

*Stein v. Buccaneers Ltd. P'ship*, No. 13-15417, 2014 WL 6734819, at *3 (11th Cir. Dec. 1, 2014) (quoting, entirely, *Symczyk,* 133 S. Ct. at 1533–34 (Kagan, J., dissenting)). Based on this newly-issued binding precedent alone, the Undersigned denies the motion to dismiss.

It should be noted that there is another, separate reason that Defendants' motion to dismiss would fail even if the Eleventh Circuit had not spoken to this issue earlier this week. In this case, unlike in *Symczyk*, the Court had *already granted* Plaintiff's motion for conditional certification.[2] In *Symczyk*, the plaintiff had not even moved for conditional certification when her claim became moot. 133 S. Ct. at 1524. Other district courts in the same position as this Court have refused to find that an FLSA action is

---

[2] Also in this case, as opposed to *Symczyk*, there is *already* one opt-in plaintiff. This may be of no significance in this case because the Defendants also offered that opt-in plaintiff judgment as well. In any event, the Undersigned's decision here is not affected by the presence of the additional opt-in plaintiff one way or the other in light of the Eleventh Circuit's ruling this week that an unaccepted offer of judgment cannot moot a case.

moot based on a Rule 68 offer of judgment where the court has already granted or is still considering a motion for conditional certification. *See Ritz v. Mike Rory Corp.*, 959 F. Supp. 2d 276, 279 (E.D.N.Y. 2013) (finding that a Rule 68 offer of judgment cannot moot a case where the court has already granted a motion for conditional certification);[3] *Michaels v. City of McPherson, Kan.*, No. 12-1372-CM, 2013 WL 3895343, at *4 (D. Kan. July 29, 2013) (finding that a Rule 68 offer of judgment cannot moot a case where plaintiff's timely-filed motion for conditional certification is then pending). Defendants have pointed to no authority to the contrary. The Undersigned likely would follow the approach taken by these courts even if the Eleventh Circuit had not specifically stated that an unaccepted offer of judgment cannot moot a case.

Defendants filed a "consolidated reply in support of motion to dismiss and response to Plaintiff's motion to compel." [ECF No. 59]. That document raises a new argument in support of the motion to dismiss -- that Defendants' offer of judgment is actually an acceptance of Plaintiffs' prior settlement demand and so this case has now been settled. Local Rule 7.1(c) specifically precludes a movant from raising new

---

[3]  The *Ritz* court is in the Second Circuit, where an *offer* of judgment *can* still moot an FLSA collection action case, even if it is not accepted. *See, e.g.*, *Velasquez v. Digital Page, Inc.*, 842 F.Supp.2d 486, 488 (E.D.N.Y.2012) (collecting cases) ("While the Second Circuit has yet to rule on this issue, district courts in this circuit have held that a Rule 68 offer of full damages [to the named plaintiff for her FLSA claim], even if rejected, may render the case moot and subject to dismissal.").

10

arguments in a reply brief. *See Flamenbaum v. Orient Lines, Inc.*, No. 03-22549-CIV, 2004 WL 1773207, at *14 (S.D. Fla. July 20, 2004) (refusing to consider argument raised for first time in reply brief because plaintiffs did not have an opportunity to respond).

In this case, Plaintiffs actually *did* respond to the new arguments raised in the consolidated reply brief in their own brief, and so the Undersigned will briefly address those new arguments. [ECF No. 61]. Despite Defendants' argument to the contrary, the parties did *not* agree to settle the claims at issue here. While Plaintiffs demanded a sum certain, including costs and attorney's fees, on September 30, 2014, that "offer" was no longer live thirty-seven days later when Defendants attempted to "accept" it -- and it would be unreasonable to find that Plaintiffs' demand was a standing, open offer that Defendants could accept at any time. In addition, all settlements in FLSA cases require approval from the presiding court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The Undersigned would not accept a settlement like this, where Defendants attempt to accept a stale demand that Plaintiffs no longer wish to offer, where I have already granted conditional certification, and where Defendants have refused to produce a list of putative class members that I specifically ordered them to produce.

11

In short, the Undersigned **DENIES** Defendants' untimely "the-case-was-already-settled" argument. The parties have not settled Plaintiffs' claims and Plaintiffs did not accept Defendants' offer of judgment. Plaintiffs' claims are not moot.

### III. The Motion to Compel Production of the List of Putative Class Members is Granted.[4]

In the Order Granting Conditional Certification, the Undersigned ordered Defendants to provide Plaintiffs with a list of putative class members, along with their contact information, no later than November 7, 2014. Defendants unilaterally chose to not comply with the Order by refusing to produce that list until the Undersigned ruled on their motion to dismiss. Even if Defendants' decision to refuse to comply with court-ordered discovery obligations during the pendency of that motion was proper -- and, as described below, it was not -- the Undersigned has, by this Order, denied the motion to dismiss. The Motion to Compel Production is **GRANTED.** Defendants must produce the list of putative class members by December 10, 2014.

### IV. Plaintiffs' Motion for Attorney's Fees is Granted.

Plaintiffs have requested attorney's fees in connection with their motion to compel. [ECF No. 56, p. 4]. They argue that Defendants should not have unilaterally

---

[4] The Undersigned has not previously ruled on Defendants' motion to stay discovery pending resolution of their motion to dismiss, which was included as a requested relief in the motion to dismiss. [ECF No. 55]. This Order resolves the motion to dismiss and so the motion to stay discovery pending resolution of the motion to dismiss is **denied as moot**.

12

refused to comply with the Undersigned's order that they provide a list of putative class members by November 7, 2014. The mere filing of a motion to dismiss is **not** adequate grounds for refusing to engage in discovery or to violate a preexisting court order. At the time Defendants filed their motion to dismiss and to stay discovery and unilaterally chose to not comply with this Court's order, the local rules provided, in pertinent part:

> Stays or Limitation of Discovery. Normally, the pendency of a motion to dismiss or motion for summary judgment will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion. Such motions for stay are generally denied except where a specific showing of prejudice or burdensomeness is made, or where a statute dictates that a stay is appropriate or mandatory.

Southern District of Florida Local Rules, Appendix A: Discovery Practices Handbook, § I(D)(5). The Discovery Practice Handbook was recently deleted from the Local Rules, but that does not change the Undersigned's determination that fees are proper here.

Rule 37(5)(A) *requires* fees to be awarded to a party that prevails on a motion to compel unless certain enumerated exceptions apply. Here, none of those exceptions apply. Defendants lacked cause to violate this Court's prior Order requiring them to furnish a list of putative class members to Plaintiffs four weeks ago. Defendants' decision to ignore this Court's order was not substantially justified. Defendants could have filed or noticed for discovery hearing something akin to an "emergency motion for stay of discovery order," and tried to gain relief from the requirement that they produce

the list of putative class members. In fact, this is what the movant did in the case Defendants cite.

Defendants argue that outstanding discovery requests are moot once the case is moot. *See Coty Inc. v. C Lenu, Inc.*, No. 10-21812-CIV, 2011 WL 573837, at *2 (S.D. Fla. Feb. 15, 2011). Defendants' position might have been substantially justified had that scenario occurred -- which it did not. What Defendants could not do was unilaterally decide to not comply with this Court's order *requiring* them to furnish a list of putative class members. Defendants have not offered a sufficient excuse for their failure to meet the terms of the prior Order. Fees are proper under these circumstances. Defendants and their counsel shall share responsibility for the fees on a 50-50 basis.

Plaintiffs' counsel shall, by December 12, 2014, provide to Defendants' counsel documentation showing the time spent and fees sought in connection with the preparation of the motion to compel and briefs in support of that motion. Defendants' counsel shall then, by December 22, 2014, file a notice with the Court advising whether the fees have been fully paid. If the parties are unable to agree on the amount of fees, then Plaintiffs' counsel shall contact the Court to have the matter placed on the Court's next available discovery calendar date. The Undersigned reminds the parties that fees could well be awarded in connection with *that* discovery dispute as well.

A. **The New Timeline**

Defendants have refused to provide a list of putative class members, though they were required to do so nearly a month ago. For that reason, the timeline included in the Undersigned's Order Granting Motion for Conditional Certification is amended as follows:

1) Defendants are to provide Plaintiffs, in Excel format, with a list of names, addresses, telephone numbers, fax numbers, e-mail addresses and dates of birth of all putative class members **on or before December 10, 2014**;

2) Potential opt-in, similarly situated plaintiffs must consent to opt into this litigation no later than **February 9, 2015**[5] **and those opt-in notices must be filed with the Court no later than February 16, 2015.**

**DONE and ORDERED**, in Chambers, in Miami, Florida this 5th day of December, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record

---

[5] This date should be added, where necessary, to the Notice [ECF No. 46-4], and follow-up Notice [ECF No. 46-5].

15