UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-cv-80467-LENARD/GOODMAN

[CONSENT CASE]

ENRIQUE COLLADO, and others similarly-
situated,

    Plaintiff,

v.

J.&G. TRANSPORT, INC., a Florida
corporation, JAVIER GUZMAN, individually,
and IVIS GUZMAN, individually,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, through undersigned counsel, file their Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Response") and state as follows:

**PRELIMINARY STATEMENT**

As a preliminary matter, Plaintiffs' Motion for Partial Summary Judgment ("Motion"), seeking relief on behalf of all current and potential opt-in plaintiffs prior to the opt-in window closing, prior to the deadline to amend pleadings under the new scheduling order, and prior to completion of discovery, is not ripe for decision as to anyone other than the class representative, Enrique Collado ("Collado"). Defendants respond to the Motion based on the current record before the Court as to Collado alone and, without responding to the merits of any of the current or potential opt-in Plaintiffs, affirmatively preserve

Defendants' right to compel arbitration as to any of the current or potential opt-in Plaintiffs who have signed arbitration agreements with Defendant, J&G Transport, Inc. ("J&G").

Further, this Response is made generally to the Motion arguments and supporting facts without conceding whether any of the opt-in Plaintiffs are similarly situated to Collado. This Response specifically is not responsive to the merits of any claims of the opt-in Plaintiffs, current or potential, and shall not be construed as a waiver of Defendants' rights to proceed with arbitration.

## INTRODUCTION

Plaintiffs' Motion asks this Court to find, as a matter of law, that *all* drivers who provide services for J&G are employees rather than independent contractors. As specifically admitted in Plaintiffs' Statement of Undisputed Facts ("Statement of Facts"), filed concurrently with the Motion J&G has three operational divisions for hauling: (a) sugar cane, (b) molasses and raw sugar, and (c) trash and mulch.  See attached Exhibit A, affidavit of Javier Guzman, for facts related to the difference among the operational divisions.  The affidavit also includes a list of disputed facts that make summary judgment relief inappropriate at this time. What both the Motion and the Statement of Facts fail to address are the important factual distinctions that must be drawn as between each of the three divisions, and the varying applicability of the factual allegations contained therein to the drivers of each of these starkly different divisions.

The Motion would have this Court apply the Statement of Facts across the board to the drivers that belong to each of these individual divisions as if they were identically situated. As will be shown below, the drivers of each of these three different divisions are far

from identically situated and, in fact, are not even similarly situated. As such, a blanket determination of employee status as to all drivers, as specifically sought by Plaintiffs' Motion, would be improper as there are numerous genuine issues of material fact critically, Plaintiffs have made no attempt to assign *any* of the division. Thus, it is impossible for the Court to make a factual finding that the unassigned opt-in Plaintiffs are employees because their individual, specific situation is completely unknown.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment when all "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

A material fact is one that might affect the outcome of the case. *Id*. The moving party has the burden of showing the absence of a genuine issue as to any material fact; the burden then shifts to the non-movant to come forward with specific facts on each essential element of his claims by showing that there is a genuine issue for trial such that a reasonable jury could find in his favor. *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1316-17 (S.D. Fla. 2001).

In considering a motion for summary judgment, it is not part of the court's function to decide issues of material fact, but rather to determine whether such issues exist to be tried. *See Id.* at 249. The court must avoid weighing conflicting evidence and making credibility

determinations. *See id.* at 255. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Santelices*, 147 F. Supp. 2d at 1316-17.

Whether an individual is an employee within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., ("FLSA") is a legal question. Nevertheless, any subsidiary factual issues leading to this conclusion are, of course, questions of fact for the jury. *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 7 (D.C. Cir. 2001).

## ISSUE PRESENTED

Are all persons who provide transportation services on behalf of Defendants employees or independent contractors?

Collado, through this Motion, asks the Court to classify him as an employee, as a matter of law. Ironically, in another action prosecuted by Collado, he characterized himself as an independent contractor while working for J&G. *See* Exhibit A and Collado Deposition Transcript Excerpts and exhibits filed in support of this Response.

Specifically, in his answers to interrogatories served in his negligence action against J&G, he stated that he was "self-employed" for a ten-year period of time that would include the "employment" at J&G. This conflict in how he characterizes his work status in judicial proceedings may not amount to a judicial estoppel, but it certainly creates a question of fact that should preclude Collado from now obtaining the summary judgment relief that he now seeks. Collado cannot decide whether he is "fish or fowl." Perhaps his confusion is because he has chosen not to read ***any*** of the documents put in front of him by J&G, regardless of whether they are written in English or Spanish.

4

## LAW AND ARGUMENT

I. **PURSUANT TO THE ECONOMIC REALITIES TEST, ALL OPT-IN PLAINTIFFS ARE INDEPENDENT CONTRACTORS, NOT EMPLOYEES.**

Whether an employment relationship exists under the FLSA must be judged by the "economic realities" of the individual case and not by traditional common-law principles. *Atenor v. D & S Farms*, 88 F.3d 925, 929 (11 Cir. 1996). Furthermore, ***facile labels and subjective factors are relevant***, but only the extent that they mirror economic reality. *Morrison,* 253 F.3d 5, 11 (emphasis added). The touchstone of "economic reality" in analyzing a possible employee/employer relationship for purposes of the FLSA is dependency. *Santelice,s* 147 F. Supp. 2d at 1318. The courts look at all of the surrounding circumstances of the "whole activity" to determine whether the putative employee is economically dependent upon the alleged employer. *Id.*; *Goldberg v. Whitaker House Co-op, Inc.*, 366 U.S. 28, 33 (1961). "Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

Courts, in applying the "economic realities test", have identified six (6) factors that are useful in distinguishing employees from independent contractors:

1) the nature and degree of control of the workers by the alleged employer;
2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers;
4) whether the service rendered requires special skill;

5

> 5) the degree of permanence of the working relationship; and
>
> 6) whether the service rendered is an integral part of the alleged employer's business.

*Santelices,* 147 F. Supp. 2d at 1318 (S.D. Fla. 2001). No one factor is controlling; nor is the list exhaustive. *Id.* The weight of each factor depends on the light it sheds on the putative employee's dependence on the alleged employer, which in turn depends on the facts of the case. *Id.* The economic realities test requires that the court consider the totality of the circumstances of the parties' actual working relationship; no one factor is dispositive. *Id.* "It is dependence that indicates employee status. Each test must be applied with that ultimate notion in mind." *Morrison,* 253 F.3d at 7.

The Fifth Circuit, in *Mednick v. Albert Enters., Inc.*, 508 F.2d 297, 301-302 (5 Cir. 1975), explained that the concept of economic dependency is also considered in terms of whether the individual is "in business for himself". *Id.* As such, and in addition to the "economic realities factors", the court should consider whether, as a matter of economic reality, the individuals are dependent upon the business to which they render service. *Bamgbose v. Delta-T Group, Inc.*, 684 F. Supp. 2d 660, 669 (E.D. Penn. 2010) (*citing Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382-83 (3d Cir. 1985)).

> **a. THE NATURE AND DEGREE OF DEFENDANTS' CONTROL AS TO THE MANNER IN WHICH PLAINTIFFS' WORK IS TO BE PERFORMED WEIGHS IN FAVOR OF INDEPENDENT CONTRACTOR STATUS.**

Certain subfactors that have been determined, as relevant to this broad factor, are: (a) the degree to which the alleged employer supervised and controlled employee work schedules or conditions of employment; (b) the degree of supervision over the worker; and

(c) instruction as to how the worker is to perform his or her duties. *Morrison,* 253 F.3d at 7; *Bamgbose,* 684 F. Supp. 2d at 669. The real question is whether a worker exerts control over a "meaningful" part of the business. *Harrell v. Diamond A Entertainment*, 992 F. Supp. 1343, 1349 (M.D. Fla. 1997). A worker can be considered an independent contractor only if he/she "exerts such control over a meaningful part of the business that she stands as a separate economic entity." *Id.*

Here, Collado, a Trash/Mulch driver, determines his own work schedule and driving times; has no fixed number of hours he must work; very minimal oversight beyond dispatch; receives more oversight from the Port or Sugar Mill representatives than from J&G; chooses his own work attire, and has no proposed guidelines or employee handbook requirements to comply with.  *See Exhibit A.*

### b. PLAINTIFFS' OPPORTUNITY FOR PROFIT OR LOSS DEPENDING UPON THEIR MANAGERIAL SKILL WEIGHS IN FAVOR OF INDEPENDENT CONTRACTOR STATUS.

Evidence relevant in weighing this factor includes as follows: (a) workers' abilities to negotiate their pay; (b) workers' abilities to negotiate with clients directly; and (c) their abilities to manage and hire others to perform the services for clients. *Bamgbose,* 684 F. Supp. 2d at 669. The opportunity for profit and loss has more to do with relative investments, with control over larger aspects of the business, and with like forms of initiative. *Harrell,* 992 F. Supp. at 1343.  This factor and profit and loss can be viewed together. The drivers can manage their own schedules and achieve profit/loss based upon how they manage their time and their loads. These drivers control their own success.

As a Trash/Mulch driver, Collado, under his Independent Contract Agreement ("ICA"), is exposed to an opportunity for loss in his operation of his leased truck because he is responsible to having citations and tickets billed back to him, is exposed to financial obligations under the ICA indemnification provisions; is responsible for damage to the equipment he operates; must pay for fuel; and deductions for leasing the equipment and lease payments for the equipment. *See* Exhibit A and Collado Deposition Transcript Excerpts and exhibits filed in support of this Response.

### c. PLAINTIFFS' INVESTMENT IN EQUIPMENT OR MATERIALS REQUIRED FOR THEIR TASK WEIGHS IN FAVOR OF INDEPENDENT CONTRACTOR STATUS.

Collado has made an investment in his equipment through his obligations to make lease payments for equipment through the ICA and by being responsible to reimburse J&G for liability insurance purchased on his behalf.

### d. THE REQUIREMENT OF SPECIAL SKILLS FOR THE SERVICES RENDERED BY PLAINTIFFS WEIGHS IN FAVOR OF INDEPENDENT CONTRACTOR STATUS.

Note that in *Santelices, supra,* the case considered cable installers "skilled tradesmen."

As stated by the Federal Motor Carrier Safety Administration, driving a commercial motor vehicle requires a higher level of knowledge, experience, skills, and physical abilities than that required to drive a non-commercial vehicle. (FMCSA CDL Program Overview at http://www.fmcsa.dot.gov/registration/commercial-drivers-license). Licensing requires special skills and licensing.

### e. THE DEGREE OF PERMANENCE AND DURATION OF THE WORKING RELATIONSHIP BETWEEN PLAINTIFFS AND DEFENDANTS WEIGHS IN FAVOR OF INDEPENDENT CONTRACTOR STATUS.

Independent contractors often have fixed employment periods and transfer from place to place as particular work is offered to them. Employees usually work for only one employer in continuous relationship of indefinite duration. *Harper v San Luis Valley Reg'l Med. Ctr.*, 848 F. Supp. 911, 915 (D. Colo. 1994). Collado, having no fixed period of employment, and being free to work for others, thus fits the independent contractor category.

### f. THE EXTENT TO WHICH THE SERVICE RENDERED BY PLAINTIFFS IS AN INTEGRAL PART OF DEFENDANTS' BUSINESS WEIGHS IN FAVOR OF INDEPENDENT CONTRACTOR STATUS.

This factor relates not to the percentage of total work done by the workers at issue but to the nature of the work performed by the workers: does that work constitute an "essential part" of the alleged employer's business? *Sureway Cleaners*, 656 F.2d at 1372; *Hodgson v. Ellis Transp.*, 456 F.2d 937, 940 (9th Cir. 1972). In other words, regardless of the amount of work done, workers are more likely to be "employees" under the FLSA if they perform the primary work of the alleged employer. "When the success or continuation of a business depends to an appreciable degree upon the performance of certain services, the worker who performs those services is more likely to be considered an employee than an independent contractor." *303 West 42nd St. Enters. v. IRS*, 916 F. Supp. 349, 357 (S.D.N.Y. 1996).

Hauling trash and mulch represents only one of J&G's three operational divisions, for which there are substantially fewer drivers than engaged in hauling sugar cane to the mills or molasses and raw sugar to the port.

## CONCLUSION

The Court should consider an employee/independent contractor classification for Collado only because the class of opt-in Plaintiffs has not yet closed, thereby making it impossible to determine which of any potential opt-in Plaintiffs are similarly situated to Collado. On the record that now exists, there is no showing that any of the current opt-in Plaintiffs belong to any of the three operational divisions, again making it impossible to determine whether they are similarly situated to Collado. As to Collado individually, there are disputed issues of fact as to his classifications that preclude summary judgment at this time.

Wherefore, for the reasons stated herein, Defendants respectfully request that this Court deny Plaintiffs' Motion for Partial Summary Judgment.

## CERTIFICATE OF SERVICE

I certify that on February 6, 2015, I electronically filed the foregoing document with the Clerk of Court via the CM/ECF System which will send a notice of the electronic filing to the following:

| Christopher F. Zacarias, Esq.<br>czacarias@zacariaslaw.com | Law Offices of Christopher F. Zacarias, P.A.<br>5757 Blue Lagoon Drive, Suite 230<br>Miami, FL 33126<br><br>Attorney for Plaintiff |

 

**TAYLOR & ASSOCIATES,**
**ATTORNEYS AT LAW, P.L.**

*C. Robert Pickett*
_____
**J.W. Taylor, Esq.**
Florida Bar No. 120529
jtaylor@taylorattorneys.net

                              **C. Robert Pickett, Esq.**
Florida Bar No. 201820
rpickett@taylorattorneys.net
20 3rd Street SW, Suite 209
Winter Haven, FL 33880
T: 863.875.6950
F: 863.875.6955

Attorneys for Defendants