**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 14-80467-CIV-GOODMAN**

**[CONSENT CASE]**

ENRIQUE COLLADO, and others
similarly situated,

      Plaintiffs,

v.

J. & G. TRANSPORT, INC. et al.,

      Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION TO DISMISS ALL OPT-IN PLAINTIFFS**
**AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION**
**<u>FOR LEAVE TO FILE LATE OPT-IN NOTICES</u>**

This Order resolves two issues currently before the Court. Defendants J&G

Transport, Javier Guzman, and Ivis Guzman filed a Motion to Dismiss All Opt-In

Plaintiffs or, in the Alternative, to Compel Arbitration. [ECF No. 135]. The Court has

reviewed the Motion, Plaintiff Enrique Collado and all Opt-in Plaintiffs' Response in

Opposition to the Motion [ECF No. 145], and Defendants' reply in support of the

Motion [ECF No. 150].[1] In conjunction with analyzing Defendants' Motion, the

_____

[1]      Defendants improperly docketed their reply memorandum as a response to

Undersigned has also reviewed Plaintiff's Motion for Leave to File Late Opt-in Notices [ECF No. 147], Defendants' response in opposition to that Motion [ECF No. 152], and Plaintiff's reply [ECF No. 156]. For the reasons outlined below, the Court **grants in part and denies in part Defendants' Motion to Dismiss all Opt-in Plaintiffs**.[2] In addition, the Court **denies without prejudice** Plaintiff's Motion for Leave to File Late Opt-in Notices, as described below.

## I.      Background

Plaintiff Enrique Collado ("Collado") filed his Amended Complaint on June 21, 2014, alleging that Defendants J&G Transport Inc., Javier Guzman, and Ivis Guzman failed to pay him and other similarly situated employees the overtime rate for hours worked over forty hours a week (Count I) and/or a minimum wage (Count II), in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). [ECF No. 36]. According to the Amended Complaint, J&G Transport is a Florida corporation that

---

*another* motion filed in the case. [ECF No. 150]. Consequently, the Undersigned was until recently under the impression that Defendants chose to not submit an optional reply.

[2]      As discussed in this Order, Defendants failed to include an executed Independent Contractor Agreement ("ICA") for opt-in Plaintiffs Henry T. Bennett [ECF No. 92] and Willie J. Mccants [ECF No. 99]. The Motion to Dismiss is denied as to these opt-in Plaintiffs, but granted as to all other opt-in Plaintiffs. If these two opt-in Plaintiffs did in fact sign ICAs with incorporated arbitration provisions, then Defendants may file another motion to dismiss the claims of opt-in Plaintiffs Bennett and Mccants, attaching their executed ICAs, on or before April 15, 2014.

transports, *inter alia*, garbage, debris, mulch, sugar, sugar cane, and molasses exclusively within the State of Florida. [ECF No. 36, ¶ 10]. J&G Transport employed Collado from 2013 to 2014 as a truck driver hauling garbage, debris, or mulch. [ECF No. 38-1, ¶ 2].

Plaintiff alleges that J&G Transport intentionally misclassifies all of its truck drivers as "independent contractors." [ECF No. 36, ¶ 17]. Plaintiff further alleges that all similarly situated truck drivers routinely work more than forty hours per week and are not paid overtime or a minimum wage. [*Id.*, ¶ 18].

The Undersigned issued an order granting a motion for conditional class certification on October 23, 2014. [ECF No. 52]. That Order required, among other things, that Defendants provide Plaintiff with an Excel spreadsheet detailing certain contact information of putative class members no later than November 7, 2014, so that Plaintiff could notify potential opt-in Plaintiffs. Rather than provide that spreadsheet, Defendants filed a motion to dismiss, arguing that the case was moot in light of Defendants' offer of judgment to the named Plaintiffs.[3] [ECF No. 55]. The Undersigned denied that motion to dismiss. [ECF No. 65]. Defendants then provided Plaintiff's counsel the information necessary to contact putative class members, and a number of

---

[3]      At the time, there were two Plaintiffs, Enrique Collado and Juan Giron. Plaintiff Juan Giron accepted an offer of judgment, and a Final Judgment was entered in his favor on December 15, 2014. [ECF No. 71].

those persons (more than forty) timely filed "opt-in" notices, consenting to join this lawsuit.

Defendants have now filed the instant Motion, arguing that all of the opt-in Plaintiffs' claims against Defendants should be dismissed for lack of subject matter jurisdiction (or for failure to state a claim) because these disputes are subject to arbitration at the Defendants' election. Alternatively, Defendants request that the Undersigned stay this case as to all opt-in Plaintiffs and compel arbitration of their claims.

The Motion is based on an arbitration clause in the so-called "Independent Contractor Agreement" ("ICA") that each driver must sign before commencing work on behalf of Defendants. Copies of each opt-in Plaintiff's signed ICA, with the exception of opt-in Plaintiffs Henry T. Bennett [ECF No. 92] and Willie J. Mccants [ECF No. 99], are attached to either the Motion or the reply brief submitted in support of the Motion.[4] [ECF Nos. 135; 150]. According to the arbitration clause, Defendant J&G Transport has

---

[4]     The ICAs included in Defendants' briefing are properly reviewable on this Motion to Dismiss. *Perera v. H & R Block E. Enters., Inc.*, 914 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012) (analyzing similar motion to dismiss FLSA collective action in favor of arbitration and noting that, on a motion to dismiss brought pursuant to Rule 12(b)(1) or 12(b)(6), the court may properly review the arbitration agreement in question, even though it is not included in the Complaint).

the unilateral option to submit any ICA-related dispute between itself and a driver to arbitration. [ECF No. 135, p. 2].

## II.    The Applicable Legal Standards

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Such motions are grounded in the idea that "[a]rticle III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). If the issues presented in a case are no longer live or the plaintiff lacks a legally cognizable interest in the outcome -- a "personal stake" -- then a case is moot. *Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1244 (11th Cir. 2003) (internal citation omitted).

Defendants have also filed their Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which operate under a different standard. A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the allegations in a complaint. Fed. R. Civ. P. 12(b)(6). Faced with such a motion, a reviewing court accepts all of the allegations in the complaint as true, and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are

not necessary -- the statement need only "give the defendant fair notice of what the . . .
claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
555 (2007) (internal quotation omitted).

Section 4 of the Federal Arbitration Act provides that a party aggrieved by the
failure of another to arbitrate may file a motion to compel arbitration with a district
court. *See* 9 U.S.C. § 4; *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). Defendants have
filed such a motion here, seeking dismissal of the opt-in Plaintiffs' claims, or,
alternatively, a stay in favor of arbitration.

Congress enacted the Federal Arbitration Act ("FAA") to "declare 'a national
policy favoring arbitration of claims that parties contract to settle in that manner.'"
*Vaden*, 556 U.S. 49, 58 (quoting *Preston v. Ferrer*, 552 U.S. 346, 353 (2008)); *CompuCredit
Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012) (internal citation and quotation omitted)
(noting that the Federal Arbitration Act reflects a "liberal federal policy favoring
arbitration."). The Supreme Court has interpreted this to mean that courts must
"rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S.
213, 219 (1985). "By its terms, the [FAA] leaves no room for the exercise of discretion by
a district court, but instead mandates that district courts *shall* direct the parties to
proceed to arbitration on issues as to which an arbitration agreement has been signed."
*Dean Witter Reynolds, Inc.,* 470 U.S. at 213 (emphasis in original).

6

The Florida Arbitration Code also favors arbitration. Fla. Stat. § 682.03(1). According to the statute:

> (1) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:
> (a) If the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate.
> (b) If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

Fla. Stat. Ann. § 682.03; *see also John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1097 (11th Cir. 2003) (noting that "[t]he Florida Arbitration Code is substantially similar to the FAA and the Uniform Arbitration Act.").

## III.   Analysis

A determination of whether parties have agreed to submit a dispute to arbitration is an issue of law subject to judicial resolution rather than resolution via arbitration. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010). Under the FAA, an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

An arbitration agreement must be "enforceable under ordinary state-law contract principles," in order for the Court to find that the agreement is valid. *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008). By the terms of the ICA, as well as the fact that Defendants' business is conducted -- and the events at issue occurred -- solely in

7

Florida, Florida state law contract principles govern the enforceability of the arbitration agreement in this case. Under both Florida and federal law, a district court considers three factors in reviewing a motion to compel arbitration:

1)  Whether there is a valid, written agreement to arbitrate;

2)  Whether there is an arbitrable issue; and

3)  Whether the right to arbitrate was waived.

*Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1354 (S.D. Fla. 2009) (citing *Integrated Sec. Svcs. v. Skidata, Inc.*, 609 F. Supp. 2d 1323, 1324 (S.D. Fla. 2009)); *Sims v. Clarendon Nat. Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citing *Marine Envtl. Partners, Inc. v. Johnson,* 863 So. 2d 423, 426 (Fla. 4th DCA 2003)). A party attempting to avoid arbitration must either prove waiver of the right to arbitration, *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002), or must deny that the agreement to arbitrate was made and offer evidence to substantiate the denial, *Wheat, First Sec., Inc. v. Green,* 993 F.2d 814, 817 (11th Cir. 1993).

### a.  The Arbitration Agreement is Valid, Binding, and Enforceable

Defendants have attached to their Motion or reply brief a copy of the ICA that each opt-in Plaintiff signed, with the exception of opt-in Plaintiffs Henry T. Bennett [ECF No. 92] and Willie J. Mccants [ECF No. 99]. Defendants did not include an ICA for

those two opt-in Plaintiffs. [ECF Nos. 150-1; 150-2; 150-3; 150-4; 150-5; 150-6]. Each of

those agreements contains a substantively similar arbitration clause. In relevant part,

the arbitration clause states:

> Nothing herein contained shall preclude CARRIER[5] from commencing any action in any court having jurisdiction thereof with respect to any matter arising out of, relating to or pertaining to this ICA. However at the sole option of CARRIER, any controversy, claim or dispute, arising out of, relating to or pertaining to this ICA or the interpretation, breach, enforcement or subject matter thereof, that cannot be settled by mutual [agreement] of the parties may at the sole option of the CARRIER: (i) be submitted to arbitration by one (1) arbitrator (unless the CARRIER determines to have multiple arbitrators) in Orange County, Florida, or such other location in the state of Florida chosen by the CARRIER, conducted by the American Arbitration Association, in accordance with its Commercial Arbitration Rules then in effect or conducted by any other recognized arbitration association or entity in accordance with similar rules ("Arbitration"); or (ii) be determined through any alternative dispute resolution ("ADR") procedure provided for under the Laws of the state of Florida, with such ADR procedure to be selected by the CARRIER. Judgment upon any Arbitration award or ADR determination may be entered in any court of any state or county or application may be made to such court through judicial acceptance of the award or determination and on order of enforcement, as the law of the jurisdiction may require or allow. The Arbitration award or ADR determination shall be final and no appeal shall be taken by either party. The costs of any such Arbitration or ADR shall be borne equally by the CARRIER and the CONTRACTOR, unless the arbitrator(s) or ADR decision- maker deems such division of costs to be inequitable, in which event the arbitrator(s) or ADR decision-maker may allocate the costs of Arbitration or ADR among the parties thereto as s/he deems just and equitable under the circumstances. THE CARRIER AND THE CONTRACTOR HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY OR AGAINST EACH OTHER ON, OR IN RESPECT OF, ANY MATTER ARISING OUT OF, RELATING TO OR PERTAINING TO THIS ICA,

---

[5] Each ICA defines "CARRIER" as Defendant J&G Transport. Defendant Javier Guzman signed each ICA as J&G Transport's President. Defendant Ivis Guzman is also a corporate officer of J&G Transport. Plaintiff has not argued that the claims against Defendants Javier and Ivis Guzman are outside the scope of the arbitration agreement and should therefore remain in this Court even if the Undersigned compels arbitration of the claims against J&G Transport, pursuant to the ICA.

OR THE INTERPRETATION, BREACH, ENFORCEMENT OR SUBJECT MATTER THEREOF.

[ECF No. 135-1, pp. 4-5].

"Under Florida law, 'in order to invalidate an arbitration clause, the court must find that it is both procedurally **and** substantively unconscionable.'" *Curbelo v. Autonation Ben. Co.*, No. 14-CIV-62736, 2015 WL 667655, at *3 (S.D. Fla. Feb. 17, 2015) (quoting *Lyalls v. Kauff's, Inc.*, 2007 WL 2320590, at *1 (S.D. Fla. Aug.10, 2007)); *Golden v. Mobil Oil Corp.*, 882 F.2d 490, 493 (11th Cir. 1989); *Murphy v. Courtesy Ford LLC*, 944 So. 2d 1131, 1134 (Fla. 3d DCA 2006).

Procedural unconscionability "'relates to the manner in which the contract was entered and it involves consideration of such issues as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms.'" *Voicestream Wireless Corp. v. U.S. Commc'ns., Inc.*, 912 So.2d 34, 39 (Fla. 4th DCA 2005) (quoting *Powertel Inc. v. Bexley*, 743 So. 2d 570, 574 (Fla. 1st DCA 1999)).

A contract is substantively unconscionable if its terms "are so 'outrageously unfair' as to 'shock the judicial conscience.'" *Voicestream Wireless*, 912 So.2d at 40 (quoting *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 285 (Fla. 1st DCA 2003)). In determining whether an arbitration clause is substantively unconscionable, courts have considered the cost of arbitration and whether the clause requires one party

to give up or waive any significant legal remedies. *Sims v. Clarendon Nat. Ins. Co.*, 336 F. Supp. 2d 1311, 1321 (S.D. Fla. 2004).

Plaintiff has not raised any argument that the arbitration agreement is either procedurally or substantively unconscionable. It is his burden to do so. *Id.* at 1314 ("The party opposing a motion to compel arbitration or to stay litigation pending arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration.") (internal quotation omitted).

Instead, Plaintiff argues, without citing any authority, that, if this Court does not find that Defendants have waived their right to arbitration, before ruling on the motion to compel arbitration the Plaintiff should be afforded the chance to re-take a 30(b)(6) deposition to gather evidence showing the ICA is procedurally and substantively unconscionable. The Court disagrees, and declines to afford Plaintiff this opportunity.

Plaintiff's failure to argue the arbitration clause is substantively unconscionable precludes a finding in his favor here. Such a showing would be necessary to prevail on a claim that the agreement is unconscionable, and would turn on the explicit terms of the agreement, **not** any information garnered via discovery.[6]  In the absence of such a

_____

[6]      The Undersigned notes that the arbitration agreement at issue allows for arbitration *at the sole discretion of Defendants.* Plaintiff has not challenged the arbitration provision as invalid on grounds of lack of mutuality or the provision's "one-way-only" status. While the parties have not briefed this issue, the Court's initial research suggests that a lack of mutuality or a one-way-only arbitration arrangement would not be

showing, there is no reason to prolong this issue to permit Plaintiff to conduct limited

discovery, which would relate only to *procedural* unconscionability.

As an alternative, Plaintiff argues that the arbitration agreement should not be

enforced because it is confusing and ambiguous, and these ambiguities should be

interpreted against the agreement's drafter, presumably J&G Transport. Specifically,

Plaintiff points to the ICA forum selection clause, which states, in relevant part, that:

> THE PARTIES AGREE THAT ALL ACTIONS OR PROCEEDINGS
> ARISING IN CONNNECITON WITH THIS ICA SHALL BE TRIED AND
> LITIGATED ONLY IN THE STATE AND FEDERAL COURTS LOCATED
> IN THE STATE OF FLORIDA OR, AT THE SOLE OPTION OF CARRIER,
> IN ANY OTHER COURT IN WHICH CARRIER SHALL INITIATE
> LEGAL OR EQUITABLE PROCEEDINGS AND WHICH HAS SUBJECT
> MATTER JURISDICTION OVER THE MATTER CONTROVERSY.

[ECF No. 135-1, p. 5].

Plaintiff argues that the ICA is ambiguous as to the forum where ICA-related

disputes shall be resolved, because, on the one hand, the arbitration clause allows

Defendants to choose arbitration, while this clause appears to mandate trial and

litigation of claims. However, in the Undersigned's view, the clause is not ambiguous at

all. This clause, by its own terms, applies only to "all actions or proceedings," that is,

**court** actions. The clause is a standard forum selection clause that simply indicates that,

---

invalid. *See, e.g., Avid Eng'g, Inc. v. Orlando Marketplace Ltd.*, 809 So. 2d 1, 3 (Fla. 5th DCA
2001) (noting, in matter of first impression, that Florida arbitration statute does not
prohibit agreement allowing for arbitration at one party's discretion).

should the parties find themselves in litigation (not some form of alternate dispute resolution, such as arbitration), that litigation will occur in a Florida (state or federal) court, unless Defendants choose an alternative forum with subject matter jurisdiction. This is *not* at odds with the arbitration clause, which allows Defendants to elect to resolve any dispute in arbitration, rather than court.

There is a valid, written agreement to arbitrate. Plaintiff has not met his burden to show that agreement is somehow unconscionable or otherwise invalid.

### b. Defendants have not Waived their Right to Arbitrate the Claims of the Opt-in Plaintiffs.

An arbitration agreement may be waived. *See, e.g., Burton-Dixie Corp. v. Timothy McCarthy Constr. Co.,* 436 F.2d 405, 407 (5th Cir. 1971). Courts will not compel arbitration when the party who seeks to arbitrate has waived its right to do so. *See Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n,* 62 F.3d 1356, 1365 (11th Cir. 1995) ("Arbitration should not be compelled when the party who seeks to compel arbitration has waived that right.").

District courts use a two-part test to determine if a party has waived its right to arbitrate: first, the reviewing courts decides if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and second, the court decides whether, by doing so, that party has in some way prejudiced the other party. *Ivax Corp. v. B. Braun of Am., Inc.,* 286 F.3d 1309, 1316 (11th Cir. 2002) (internal quotation

13

and citation omitted). A party may waive its right to arbitrate when it "'substantially participates in litigation to a point inconsistent with an intent to arbitrate.'" *Id.* (quoting *Morewitz*, 62 F.3d at 1366). "[A] party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate, if that conduct manifests the party's intent to waive arbitration." *Krinsk v. SunTrust Bank, Inc.*, 654 F.3d 1194, 1201 (11th Cir. 2011) (internal quotations and citations omitted).

In determining whether the party opposing arbitration has been prejudiced, courts "consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *S & H Contractors*, 906 F.2d at 1514. "Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F.3d at 1366

Plaintiff argues that Defendants have litigated this case for nearly one year, and therefore have waived their right to arbitration. However, Defendants have specifically moved to compel arbitration as to **only the opt-in Plaintiffs**. Little or no litigation has occurred to date involving these parties. Virtually the only litigation practice that even arguably relates to the opt-in Plaintiffs is the motion practice that has already occurred relating to whether this matter should be conditionally certified as an FLSA collective

action. The Undersigned ruled that this case met the lenient standard to warrant such certification. [ECF No. 52].

Defendants have not waived their right to arbitrate the claims of the opt-in Plaintiffs. As to *these* Plaintiffs, Defendants have not acted inconsistently with their right to arbitrate. While there is certainly some prejudice to the named Plaintiff, and certainly to Plaintiff's counsel, in compelling arbitration of the opt-in Plaintiffs' claims, that is not the type of prejudice that can affect this analysis. Plaintiff has not pointed to any significant litigation expenses as to these opt-in Plaintiffs of the type that arbitration is meant to curtail. Even if he had, without the requisite showing that Defendants have acted inconsistently with their right to arbitrate vis-à-vis the opt-in Plaintiffs, there can be no waiver.

There is nothing improper about sending the claims of certain FLSA plaintiffs to arbitration, while not sending to arbitration the claims of others. Certainly, several other courts have done so. *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 CIV. 9305 LTS, 2013 WL 4828588, at *8 (S.D.N.Y. Sept. 9, 2013) (granting motion to compel arbitration as to certain FLSA opt-in plaintiffs, but denying motion as to the named plaintiff and certain other opt-in plaintiffs); *Long v. BDP Int'l, Inc.*, 919 F. Supp. 2d 832, 852 (S.D. Tex. 2013) (same); *Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2013 WL 5433593, at *6 (N.D. Ill. Sept. 30, 2013) (same).

### c. The FLSA claims present an Arbitrable Issue: on these Facts, Arbitration is not Inconsistent with the Terms of the FLSA.

Statutory claims, including FLSA claims, may be subject to an arbitration agreement. *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20 (1991); *see also Fernandez v. Clear Channel Broad., Inc.,* 268 F. Supp. 2d 1365, 1367 (S.D. Fla. 2003) (citing *Gilmer* and compelling arbitration of FLSA claims). By agreeing to arbitrate a statutory claim, a party does not forego the substantive rights granted by that statute. Instead, the party merely submits to the claims resolution in an arbitral, rather than a judicial, forum. Therefore, a reviewing court must ensure, on a case-by-case basis, that an arbitration agreement is "in fact merely a change of forum and not a relinquishment of an individual's substantive statutory rights." *Fernandez,* 268 F. Supp. 2d at 1368 (internal quotation omitted).

"[T]he party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue." *Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)); *In re Managed Care Litig.,* 2009 WL 856321, at *3 (S.D. Fla. Mar. 30, 2009) ("It is the burden of the party challenging a facially valid arbitration agreement to demonstrate that the agreement is in fact unconscionable.").

Plaintiff argues that the FLSA favors judicial efficiency, and that the Undersigned should not compel arbitration of the opt-in Plaintiffs' claims because the result would

be parallel, duplicative proceedings. However, as noted above, several courts in other cases faced with collective FLSA actions have compelled arbitration of some plaintiffs' claims, but not others. These cases show that there is nothing improper about requiring less than all parties to arbitrate an FLSA claim.

In addition, the cases undermine Plaintiff's argument that judicial economy is better served by denying the motion. *Judicial* economy is best served by, consistent with the FAA, compelling arbitration where possible, even if the result is that a *litigant or attorney* may be faced with pursuing two near-identical actions in separate forums. Finally, the Eleventh Circuit recently held that the FLSA does *not* contain a non-waivable substantive right to proceed as a collective action. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1335 (11th Cir.) *cert. denied*, 134 S. Ct. 2886, 189 L. Ed. 2d 836 (2014). In fact, in that case, the Eleventh Circuit upheld a district court's decision to send several FLSA plaintiffs' claims to *individual* arbitration (rather than collective arbitration), because the plaintiffs had signed an arbitration agreement that waived their right to proceed collectively.[7] Any judicial efficiency favored by the FLSA clearly gives way to the strong federal policy favoring arbitration.[8]

---

[7]     It does not appear that the opt-in Plaintiffs in this case waived their right to proceed collectively.

[8]     There is one other factor to note here. This is *not* a case where the opt-in Plaintiffs signed arbitration agreements **after** the named Plaintiff had already initiated this

### d.  Dismissal, Rather than a Stay, is Appropriate Here.

Defendants seek dismissal in favor of arbitration, or, in the alternative, an order staying this case in favor of arbitration. Courts in this district have taken both approaches. *Compare Olsher Metals Corp. v. Olsher*, No. 01–3212–CIV–JORDAN, 2003 WL 25600635, at *9 (S.D. Fla. March 26, 2003) (dismissing arbitrable claims) *with Albert v. Nat'l Cash Register Co.*, 874 F. Supp. 1328 (S.D. Fla. 1994) (staying arbitrable claims).

The FAA provides, in pertinent part, that a court compelling arbitration "**shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added). There is no statutory reference to dismissal.

The Eleventh Circuit, at one point, suggested that only a stay of litigation is appropriate. *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992) (reversing dismissal of arbitrable claims, remanding with instructions to enter stay, and stating that "[u]pon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration"). However, more recently, the Eleventh Circuit affirmed dismissal when all claims were subject to arbitration. *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367 (N.D. Ga. 2004) (compelling

---

lawsuit. At least one court has refused to compel arbitration on such facts, and that decision was upheld by the Eleventh Circuit. *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 915 (11th Cir. 2014).

arbitration and dismissing the case), *aff'd* 428 F.3d 1359 (11th Cir. 2005). Other circuit courts have reached the same result. *See, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) (dicta); *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 156 n. 21 (1st Cir. 1998); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

Here, the Court will dismiss the claims of the opt-in Plaintiffs, with the exception of opt-in Plaintiffs Henry T. Bennett [ECF No. 92] and Willie J. Mccants [ECF No. 99], for whom Defendants failed to include a signed ICA with their Motion or reply brief. This case is similar to those where an action was dismissed in favor of arbitration because all of the issues raised in the district court were arbitrable. *See Perera v. H & R Block E. Enters., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.").

## IV.   Plaintiff's Motion for Leave to File Late Opt-in Notices is Denied Without Prejudice.

Plaintiff has filed a Motion for Leave to File Late Opt-in Notices, in an attempt to add several more opt-in plaintiffs to this case notwithstanding their failure to timely submit opt-in consent forms. [ECF No. 147]. In their opposition, Defendants state that each of these persons signed a binding arbitration agreement, although they failed to attach those agreements to their filing. [ECF No. 152]. Because Plaintiff does not dispute

that each of these persons signed an arbitration agreement in his reply brief [ECF No. 156], the Undersigned **denies without prejudice** the [ECF No. 147] Motion for Leave to File Late Opt-in Notices. Plaintiff may, if he chooses, re-file the Motion for any of those potential opt-in plaintiffs who did not sign an arbitration agreement substantively similar to the one analyzed here.

## V.      Conclusion

For the reasons outlined above, the Undersigned **grants in part and denies in part** the Motion to Dismiss [ECF No. 135]. Specifically, the Court dismisses the claims of each opt-in Plaintiff except Henry T. Bennett [ECF No. 92] and Willie J. Mccants [ECF No. 99]. Defendants may, **no later than April 15, 2015**, file a renewed Motion to Dismiss the claims of Plaintiffs Bennett and Mccants, attaching the ICAs executed by those Plaintiffs.

The Court **denies without prejudice Plaintiff's** Motion for Leave to File Late Opt-in Notices. Plaintiff may re-file that Motion for any other opt-in plaintiff listed in the

Motion who did not execute an ICA with an arbitration clause substantively similar to the one analyzed here.

**DONE and ORDERED**, in Chambers, in Miami, Florida this 31st day of March 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record

21