UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-80467-CIV-GOODMAN

**[CONSENT CASE]**

ENRIQUE COLLADO,

    Plaintiff,

v.

J. & G. TRANSPORT, INC. et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Enrique Collado's Motion for Partial Summary Judgment (the "Motion"). [ECF No. 95]. Defendants J&G Transport, Javier Guzman, and Ivis Guzman (together, "Defendants") filed a response in opposition to the Motion [ECF No. 136], and Plaintiff filed a reply in support of the Motion [ECF No. 143]. For the reasons outlined below, the Motion is **granted in part and denied in part**.

    I.    **Background**

Plaintiff Enrique Collado ("Collado") filed his Amended Complaint on June 21, 2014, alleging that Defendants failed to pay him and other similarly situated employees the overtime rate for hours worked beyond forty hours a week (Count I) and/or a

minimum wage (Count II), in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). [ECF No. 36]. According to the Amended Complaint, J&G Transport is a Florida corporation that transports, *inter alia*, garbage, debris, mulch, sugar, sugar cane, and molasses exclusively within the State of Florida. [ECF No. 36, ¶ 10]. J&G Transport allegedly employed Collado from 2013 to 2014 as a truck driver hauling garbage, debris, or mulch. [ECF No. 38-1, ¶ 2].

Plaintiff alleges that J&G Transport intentionally misclassifies all of its truck drivers as "independent contractors," when in fact they are employees, for FLSA purposes. [ECF No. 36, ¶ 17]. Plaintiff further alleges that all similarly-situated truck drivers routinely work more than forty hours per week and are not paid overtime or a minimum wage. [*Id.*, ¶ 18].

The Undersigned issued an order granting a motion for conditional class certification on October 23, 2014. [ECF No. 52]. Since that time, and after approximately forty additional Plaintiffs filed timely "opt-in notices" indicating their consent to joint this lawsuit, Defendants moved for, and the Undersigned granted, dismissal of those opt-in Plaintiffs' claims in favor of arbitration. [ECF Nos. 135; 162]. The named Plaintiff's (Enrique Collado) suit remains active.

**II.     Discussion**

   **a.  The Motion and Response**

Plaintiff seeks summary judgment on three separate issues:

   1)   That Defendant J&G Transport, Inc. is an enterprise covered under the FLSA;

   2)   That the individual Defendants Javier Guzman and Ivis Guzman were Plaintiff's employers, for FLSA purposes, along with J&G Transport, and therefore would be jointly and severally liable along with J&G Transport for any wages owed to Plaintiff;

   3)   That Plaintiff is an employee of J&G Transport and not an independent contractor.[1]

[ECF No. 95, pp. 1-2].

Plaintiff contemporaneously filed with his Motion a Statement of Undisputed Material Facts, as required by Local Rule 56.1. [ECF No. 96]. Defendants did **not** submit a statement of material facts. Instead, they attached an affidavit from Defendant Javier Guzman to their response brief. [ECF No. 136-1]. That affidavit fails to meet the requirements of Local Rule 56.1. It does not "correspond with the order and with the

---

[1]     Plaintiff moved for summary judgment on this issue for himself and "other truck drivers," however, because the Undersigned has now dismissed the claims of the opt-in Plaintiffs, the Motion is construed as relating only to Plaintiff.

3

paragraph numbering scheme used by the movant." Local Rule 56.1(a). The Local Rule also provides that the non-movant may include additional facts which it contends are material by numbering them and placing them at the end of its opposing statement of material facts. *Id.* Defendants did not do this either.

### b. The Summary Judgment Standard

Summary judgment is appropriate when the pleadings, depositions, affidavits and exhibits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen*, 121 F.3d at 646.

On a motion for summary judgment, the court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether the evidence could reasonably sustain a jury verdict for the non-movant. *Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. Thus, if "conflicts arise between the facts evidenced by the parties, we [must] credit the nonmoving party's version." *Feliciano v. City of Miami Beach*, No. 12-11397, 2013 WL 425445, at *2 (11th Cir.

Feb. 5, 2013) (emphasis in original) (internal citations and quotations omitted).

### c. Defendant J&G Transport is an Enterprise Engaged in Commerce under the FLSA.

To establish an FLSA claim, a plaintiff must show, among other things, either "individual coverage" or "enterprise coverage." 29 U.S.C. § 207(a)(1). Enterprise coverage may be shown by demonstrating that a defendant enterprise (i) "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an (ii) "annual gross volume of sales made or business done [ ] not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Plaintiff seeks a summary judgment ruling that Defendant J&G Transport is an enterprise engaged in commerce under the FLSA. Defendants did not oppose summary judgment on this issue in their response and indeed, as Plaintiff notes, they admit enterprise coverage in their Amended Answer. According to the Amended Answer,[2] Defendants "admit jurisdiction based upon FLSA requirements for Employer being engaged in interstate commerce and having annual gross revenue in excess of $500,000 per annum . . . ." [ECF No. 40, ¶ 7]. There is no dispute as to this issue, and Plaintiff's

---

[2] Since the filing of their response in opposition to the Motion for Partial Summary Judgment, Defendants have filed a Motion for Leave to File Amended Affirmative Defenses, which is not yet ripe for resolution. [ECF No. 158]. Review of that motion shows that even if it was granted, it would not affect the enterprise coverage issue.

Motion for summary judgment on this point is granted. Defendant J&G Transport is an enterprise engaged in commerce, covered by the FLSA.

### d. Defendants are Individually Liable for FLSA Violations as Corporate Officers.

Pursuant to Local Rule 56.1, if a non-movant fails to controvert statements in the movant's Statement of Undisputed Facts, then "all material facts set forth in the movant's statement filed and supported as required [by the rule] will be deemed admitted [,] . . . provided that the Court finds the movant's statement is supported by evidence in the record." Defendants have failed to properly oppose Plaintiff's Motion as to whether Defendants Javier and Ivis Guzman, as J&G Transport's corporate officers, are individually liable for the alleged FLSA violations.[3] While Defendants remain free to pursue a wide variety of case strategies, this particular strategy leaves the Court with no counter-argument to evaluate on this issue.

In any event, evidence in the record clearly supports Plaintiff's position that Defendants Javier and Ivis Guzman are personally liable for any FLSA violations by J&G Transport. Javier Guzman started J&G Transport in 1994 and is currently its president. [ECF Nos. 96, ¶ 19; 46-6, p. 9; 37]. Ivis Guzman is the vice-president. [ECF Nos. 46-6, p. 9; 95-2, p. 4]. Each of them owns 50% of J&G Transport. [*Id.*, p. 9]. Javier

---

3   It appears that Defendants chose to focus solely on the issue of whether Plaintiff is an employee or independent contractor in their response brief and supporting affidavit.

Guzman supervises the two dispatchers/coordinators that interact with company drivers. [*Id.* at pp. 9-12]. Ivis Guzman has authority to give directives to these dispatchers/coordinators as well. [ECF No. 95-2, p. 6]. Javier Guzman can hire and fire employees. [ECF No. 46-6, p. 16]. So can Ivis Guzman. [*Id.* at p. 17]. Both Javier and Ivis Guzman have signatory authority on J&G Transport bank accounts. [*Id.* at p. 18]. Both Javier and Ivis Guzman can negotiate and enter into contracts for J&G Transport. [ECF Nos. 95-2, p. 7; 46-6, p. 35]. Javier and Ivis Guzman can also set J&G Transport's hours of operation, and who it hauls materials for. [ECF No. 46-6, p. 81].

An FLSA plaintiff may seek relief from multiple employers, as the statute "contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA." *Kendrick v. Eagle Int'l Group, LLC,* Civ. No. 08-80909, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009). Under the FLSA, the term "employer" is defined broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has "accordingly held that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011).

7

"The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).

Federal courts look to the economic reality of the relationship between the parties in order to determine whether an individual FLSA defendant is an "employer" subject to FLSA liability. *Baltzley v. Berkley Group, Inc.*, No. 10-61194, 2010 WL 3505104, at *3 (S.D. Fla. Sept. 3, 2010). The Eleventh Circuit has explained that the economic reality test includes whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997) (quoting *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

No single factor is dispositive. *Santos v. Cuba Tropical, Inc.*, 829 F. Supp. 2d 1304, 1315 (S.D. Fla. 2011); *see also Herman v. RSR Sec. Svcs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (emphasis in original) ("Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive. Since economic reality is

8

determined based upon *all* the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition.").

In light of this standard, the evidence in the record, and Defendants' failure to oppose summary judgment on this issue, the Undersigned finds that the individual Defendants Javier Guzman and Ivis Guzman were Plaintiff's employers, along with J&G Transport, for FLSA purposes, and therefore would be jointly and severally liable along with J&G Transport for any wages owed to Plaintiff. As noted above, the uncontroverted evidence shows Defendants Javier and Ivis Guzman had the power to hire and fire employees, supervised and controlled many employment conditions (along with several dispatchers they hired), and generally maintained and operated J&G Transport's business in such a way that they are employers for FLSA purposes.

### e.  **Whether Plaintiff is a J&G Transport Employee or Independent Contractor Cannot be Resolved at this Stage.**

Plaintiff also seeks a summary judgment ruling that he is an employee of J&G Transport and not an independent contractor. Defendants have focused their entire opposition on this issue and have pointed to factual inconsistencies that preclude summary judgment.

The FLSA defines "employee" as "any individual employed by an employer," and stipulates that an entity "employs" someone if it "suffers or permits [the individual] to work." 29 U.S.C. § 203(e)(1); (g). As with determining whether an

individually named defendant is an employer for FLSA purposes, to determine whether an individual is a protected employee or an unprotected independent contractor, courts look at the "economic reality" of the employment circumstances as a whole. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947); *Freund v. Hi-Tech Satellite, Inc.*, 185 Fed. App'x 782, 782 (11th Cir. 2006).

This economic-reality inquiry turns on the following factors:

(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;

(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

(3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;

(4) whether the service rendered requires a special skill;

(5) the degree of permanency and duration of the working relationship; and

(6) the extent to which the service rendered is an integral part of the alleged employer's business.

*See Freund*, 185 F. App'x at 783 (citing *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987)). **No single factor is controlling, and the list of factors is not exhaustive**. *See Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1318 (S.D. Fla. 2001).

Several factual inconsistencies preclude summary judgment on this issue. Before embarking on a brief analysis of those inconsistencies, it is important to note, again, that on summary judgment, the Court takes all reasonable inferences in favor of the non-moving party -- the Defendants here. *Scantland*, 721 F.3d at 1313. This standard, along with Local Rule 56.1, are critical in the Court's analysis of the employee versus independent contractor issue. As previously noted, Local Rule 56.1 provides that even in a case like this, where the non-movant fails to properly controvert statements in the movant's statement of facts, the Court can only deem those statements admitted when they are supported by evidence in the record. The Undersigned cannot do that here, and, in any event, the record contains a variety of other facts that preclude summary judgment.

For instance, while Plaintiff states that "J&G established hours of operation of the premises," presumably to show that Defendants exert substantial control over the manner in which work is performed, this is far from a complete picture of even this sub-factor. [ECF No. 96, p. 2]. Plaintiff cites the deposition of Javier Guzman, one of J&G Transport's owners, for this proposition. But that deposition also reflects that Defendants do not track drivers' hours, and that while Defendants may determine the hours *their* premises/offices are open, drivers do not even need to go to those premises

on a daily basis. Instead, drivers pick up and drop off loads at other locations, which have hours of operation that Defendants do *not* control. [ECF No. 46-6, pp. 10-21].

Plaintiff also argues that Defendants exert significant control over drivers by checking their driving record and immigration status, and subjecting them to a drug test prior to employment. [ECF No. 95, p. 6]. However, Defendants perform these duties -- as well as instructing drivers about proper cell phone use while driving -- pursuant to regulations promulgated by the Department of Transportation. This arguably undercuts any bearing these facts may have on the "control" analysis -- Defendants *have* to perform these duties to comply with government regulation. [ECF No. 46-6, pp. 42, 49, 110].

In addition, drivers can choose the hours they work, use their own cell phone to communicate with J&G Transport dispatchers (usually only once a day), control the routes that they take from or to locations, and have the ability to decline to haul any specific load. [*Id.*, pp. 19, 20, 23, 33, 45, 115]. While approximately thirty drivers lease their trucks from a J&G Transport affiliate, fifty own their own trucks. [*Id.* at pp. 21-22]. And as Plaintiff admits, some special skill is required to be a driver -- one must have a CDL- Class A license. [ECF No. 95, p. 10]. Finally, at least some drivers may spend a portion of their time hauling materials for Defendants, while also spending time hauling for others. [ECF No. 46-6, p. 30 ("They take loads up on their own and they get

return loads with us, so they're not working with us 100 percent the whole day, follow?")].

These facts undermine Plaintiff's arguments on several of the factors instructing the economic realities test, including not just the degree of control Defendants exerted over Plaintiff, but also the driver's opportunity for profit/loss, investment in equipment and materials for the work, and whether the work requires a special skill.

While Plaintiff attempts to argue that there is a degree of permanency and duration to the drivers' working relationship with Defendants that weighs in favor of a finding they are employees, this issue is actually far from clear. To be sure, some drivers have consistently driven for J&G Transport for as long as thirteen to eighteen years. However, drivers appear to come and go, at least to some extent, and choose their own hours and times of work. So, for instance, Plaintiff initially appeared at J&G Transport and asked to haul sugar cane, but then never actually performed that work. Instead, after the five-and-one-half month sugar cane hauling season was over, Plaintiff reappeared and hauled mulch and trash instead. [ECF No. 46-6, pp. 26-27].

Together, these facts preclude summary judgment on the employee versus independent contractor issue. Phrased differently, construed in the light most favorable to Defendants, it is far from clear that Plaintiff is an employee rather than an

independent contractor. The Undersigned denies Plaintiff's motion for summary judgment on this issue.

### III. Conclusion

For the reasons set forth above, the Court **grants in part and denies in part** Plaintiff's Motion for Summary Judgment as follows:

1) Defendant J&G Transport is an enterprise covered under the FLSA;

2) The individual Defendants Javier Guzman and Ivis Guzman were Plaintiff's employer along with J&G Transport, for FLSA purposes, and therefore would be jointly and severally liable along with J&G Transport for any wages owed to Plaintiff;

3) An issue remains as to whether Plaintiff is a J&G Transport employee or an independent contractor.

**DONE and ORDERED**, in Chambers, in Miami, Florida this 17th day of April 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record